EBEL, Circuit Judge,
dissenting.
I respectfully dissent. In my judgment, the Oklahoma Court of Criminal Appeals acted contrary to established Supreme Court law and unreasonably applied the facts of this case to established Supreme Court law in finding exigent circumstances in this case. I believe that the police could have obtained a search warrant based on the information they had before the informant ever entered the house. In any event, the main evidence of exigent circumstances—that the methamphetamine was about to become consumed— was not learned until after the police had entered the house and observed the syringe, etc. Exigent circumstances discovered as a result of an illegal search cannot be used to validate the illegal search. The other alleged exigent circumstances—that methamphetamine is explosive and cancer forming—is generic and would justify warrantless searches every time methamphetamine is suspected. On the facts of this case, I believe that the Oklahoma Court of Criminal Appeals acted contrary to established Supreme Court law and unreasonably applied the facts to established Supreme Court law.
For these reasons, I dissent.